IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jose Luis Parra Geuvara, ) | |
| ) | C.A. No. 8:12-899-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HMC Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on the a Joint Motion to Dismiss with Prejudice. (ECF No. 28). For the reasons set forth below, the court grants the motion.

Fed.R.Civ.P. 41(b) provides that a claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of the court" and that such a dismissal "operates as an adjudication upon the merits." *See* Fed.R.Civ.P. 41(b). In deciding whether to dismiss a case under Rule 41(b), the court must consider the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice the delay caused the defendant; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness and availability of less drastic sanctions. *See Davis* v. Wiliams, 588 F.2d 69, 70 (4th Cir. 1978)(*citing McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976)). However, those four factors "are not a rigid four-prong test." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Rather, the propriety of this type of dismissal "depends on the particular circumstances of the case." *Id*.

Here, Plaintiff's counsel has set forth the actions he has taken to contact Plaintiff. Despite these efforts, counsel has been unable to locate Plaintiff. For the past six months, counsel has attempted to contact Plaintiff by telephone and sent numerous letters to Plaintiff's last known address. He attests that he has also searched public

records and has been unable to obtain a new address for Plaintiff or verify Plaintiff's current location. Plaintiff's counsel believes Plaintiff no longer resides in the United States.

It is solely through Plaintiff's neglect, and not that of his attorney, that this action has not proceeded. Plaintiff has been specifically warned that a failure to respond to the motion to dismiss could result in the motion being granted. Because Plaintiff has failed to file any response to his attorney's inquiries or to the motion to dismiss, it appears the Plaintiff no longer wishes to pursue this action. Therefore, the court concludes that this action should be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. No other reasonable sanctions are available.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Andreson, South Carolina
May 10, 2013

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.